# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>　　　　　　　　　Petitioner,<br><br>　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　　　　　Defendant. | Case No. 22-cv-0832-BAS-AGS<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND** |

On June 3, 2022, Steven Wayne Bonilla ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Pet., ECF No. 1.) On July 13, 2022, this Court dismissed without prejudice the Petition for Petitioner's failure to satisfy the filing fee requirement. (First Dismissal Order, ECF No. 2.) Furthermore, the Court found the Petition also was subject to dismissal because it was deficient on its face. Among other things, the Petition failed to name a proper Respondent and to allege exhaustion of state judicial remedies as required to proceed under § 2254. (*Id.*) Finally, the Court expressed its skepticism that this District is the appropriate venue for Petitioner's action. (*Id.*)

The Court directed Petitioner that if he wished to proceed with the instant case, he must: (1) satisfy the filing fee requirement by either (a) paying the $5.00 filing fee or (b) providing adequate proof of his inability to pay the filing fee; and (2) file [an] Amended

Petition curing the deficiencies identified in the First Dismissal Order. The Court instructed Petitioner that to the extent he had brought this action to "challeng[e] a judgment entered in Alameda County, rather than amend the instant Petition, Petitioner must file either in the Northern District of California, in which Alameda County is located, or the Eastern District of California, the location of the facility in which he presently is confined. *See* 28 U.S.C. § 2241(d)." (First Dismissal Order at 5.)

On August 11, 2022, Petitioner timely filed his Amended Petition. (Am. Pet., ECF No. 3.)[1] The Amended Petition fails for all the same reasons delineated in this Court's First Dismissal Order. Petitioner remains noncompliant with the filing fee requirement and has failed to add a single amendment addressing the deficiencies previously identified by the Court despite being given opportunity to do so. Furthermore, the Amended Petition appears to confirm that this District is not the appropriate venue for Petitioner's habeas corpus action. For those reasons, the Amended Petition warrants dismissal without prejudice and without leave to amend.

## I. FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has again failed to satisfy the filing fee requirement, as Petitioner has neither paid the $5.00 filing fee nor filed a motion to proceed in forma pauperis. *See* Rules Governing § 2254 Cases, Rule 3(a), 28 U.S.C.A. § foll. 2254. On this basis alone, the Amended Petition warrants dismissal without prejudice.

## II. FAILURE TO CURE DEFICIENCIES OUTLINE IN PRIOR ORDER

The Amended Petition does not cure any of the pleading deficiencies identified in the First Dismissal Order. First, the Amended Petition names as Respondent the "Court's

---

[1] Notably, Petitioner has failed to comply with Civil Local Rule 2(c) or Civil Local Rule HC.2(b), which governs habeas corpus proceedings in this District, because his Amended Petition is not set forth in the court-approved, blank § 2254 amended habeas petition that the Court had sent Petitioner in accordance with the First Dismissal Order. Instead, he filed two hand-written memoranda-style documents, captioned "Reporting a Felony Crime Pursuant to 18 U.S.C. § 04" and "Motion to File an Appeal from an Adverse Judgment," respectively. Because these documents contain the alleged factual basis of Petitioner's entitlement to relief under § 2254, the Court construes them collectively as the "Amended Petition."

Clerk's Office." Hence, for the second time, Petitioner fails to name a proper Respondent. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (instructing that the proper respondent for habeas corpus actions brought by state prisoners in California is the warden of the state correctional facility in which the petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation). Thus, the Court still lacks personal jurisdiction over this action. *See Ashley v. Washington*, 8394 F.2d 125, 126 (9th Cir. 1968).

Second, Petitioner again fails to allege that each of the claims raised in the Amended Petition were presented to the California Supreme Court and, thus, that he exhausted state court remedies as required under § 2254. *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). These two deficiencies are independent grounds warranting dismissal of the Amended Petition.

### III.   VENUE

Finally, as discussed in First Dismissal Order, it does not appear venue lies in this Southern District of California. Rather, it appears Petitioner must bring this habeas corpus action either in the Northern or Eastern Districts of California, which is where Petitioner was convicted and where he is incarcerated, respectively. (*See* First Dismissal Order at 4–5.) In the Amended Petition, Petitioner again appears to reference and attack an Alameda County Superior Court judgment. (*See e.g.,* Am. Pet. at 10.) While Petitioner generally contends "[a] void judgment may be collaterally attacked ANYWHERE AND AT ANY TIME" (*see id.* at 6 (emphasis in original)), clear authority provides that a federal petition for writ of habeas corpus challenging a state court conviction may be filed only in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced, *see* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 497 (1973). Because Petitioner does not indicate he is challenging a conviction within the jurisdictional boundaries of the United States District Court for the Southern District of California, nor

is Petitioner incarcerated within the jurisdictional boundaries of the Southern District, it does not appear this is the appropriate venue for the instant action. *See* 28 U.S.C. § 2241(d).

## IV. CONCLUSION

For the reasons set forth above, the Amended Petition is **DISMISSED** without prejudice. Because Petitioner failed to address any of the deficiencies in First Dismissal Order, and because venue appears to lie in either the Eastern or Northern Districts of California, the dismissal is **WITHOUT LEAVE TO AMEND**.

If Petitioner wishes to initiate a federal habeas corpus action, he must do so by filing a new case on the proper form and accompanied by the filing fee or a request to proceed *in forma pauperis*. The Clerk of Court is **ORDERED** to send Petitioner a blank Southern District of California § 2254 habeas petition form and an *in forma pauperis* application, along with a copy of this Order. However, this Court again notes that to the extent Petitioner is attempting to proceed with a habeas action challenging a judgment entered in Alameda County, California, he should not initiate a case in this Southern District of California. He must file either in the Northern District of California, in which Alameda County is located, or the Eastern District of California, the location of the facility in which Petitioner is presently confined.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: September 29, 2022**

Hon. Cynthia Bashant
United States District Judge